IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERITECH CORPORATION<br>d/b/a SBC MIDWEST, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 04 C 6149 |
| INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS, LOCAL<br>21, AFL-CIO, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Ameritech Corporation's ("Ameritech") motion for summary judgment. This matter is also before the court on Defendant International Brotherhood of Electrical Workers, Local 21, AFL-CIO's ("Local 21") motion for summary judgment. For the reasons stated below, we deny Ameritech's motion for summary judgment and we grant both of Local 21's motions for summary judgment.

## BACKGROUND

Ameritech entered into a collective bargaining agreement with Local 21

("CBA"). In September of 2002, Ameritech informed Local 21 that there would be layoffs beginning on December 27, 2002, due to business reasons. Local 21 then filed a grievance claiming that the intended layoffs would violate Section 1.03 of the CBA. The grievance was heard by an arbitrator in November of 2002 and on December 2, 2002, the arbitrator made a decision to deny Local 21's grievance.

On December 27, 2002, Ameritech laid off hundreds of members of Local 21 and Local 21 filed a new grievance alleging a violation of Section 1.03 of the CBA ("Section 1.03"). The parties then submitted their dispute to a second arbitrator ("second arbitrator") who rendered a decision on June 23, 2004, sustaining the grievance filed by Local 21. Since the decision of the second arbitrator, Ameritech and Local 21 have disputed whether or not Ameritech has been in compliance with the award of the second arbitrator. Ameritech brought the instant action seeking to have the second arbitrator's award vacated to the extent that it requires Ameritech to participate in the review and allotment process (Count I), and to produce information regarding the contracting out of work which has never been performed by the bargaining unit employees (Count II). Ameritech also asks the court to vacate a supplemental decision made by the second arbitrator on September 10, 2004, based on the fact that he lacked jurisdiction (Count III). Finally Ameritech requests that the court vacate the order by the second arbitrator issued on September 10 2004, ordering Ameritech to produce certain information. Ameritech and Local 21 have

moved for summary judgment on the complaint and Local 21 has moved for summary judgment on its counterclaim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

The Seventh Circuit has made it clear that "judicial review of arbitration awards under collective bargaining agreements is extremely narrow." *Amax Coal Co. v. United Mine Workers of America, Intern. Union*, 92 F.3d 571, 575-76 (7th Cir. 1996). When ruling on a collective bargaining agreement dispute, "an arbitrator is confined to interpretation and application of the collective bargaining agreement. . . ." *Id.* at 575. The arbitrator may "look for guidance from many sources" and the arbitration award "is legitimate only so long as it draws its essence from the collective bargaining agreement." *Id.* (stating that "the central determination to be made is whether the arbitrator, who was delegated the power to interpret the agreement between the parties, has 'exceeded the powers delegated him by the parties.'"). Since the established policy of promoting the settlement of "labor

disputes by arbitration would be undermined if courts had the final say on the merits of awards" the courts cannot vacate arbitration awards if the arbitrators are "even arguably construing or applying the contracts and acting within the scope of [the arbitrators'] authority. . ." *Id.* (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960)). The courts cannot "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *International Union of Operating Engineers, Local 139, AFL-CIO v. J.H. Findorff & Son, Inc.*, 393 F.3d 742, 745 (7th Cir. 2004)(stating that "if an 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision."). When an action is brought in federal court seeking a review of an arbitrator's decision, the court cannot base its ruling on an examination of "whether the arbitrator or arbitrators erred in interpreting the contract." *Id.* Rather, the sole focus by the court must be on whether the arbitrator "interpreted the contract." *Id.*

Ameritech argues that the second arbitrator's decision did not draw its essence from the CBA because the decision ignores the plain language of Section 1.03. Section 1.03 provides that the CBA "covers work customarily performed by employees defined" in the CBA, but that Ameritech "may continue to contract out such work as is now customarily contracted out and has been customarily contracted

out by" certain other companies "under previous collective bargaining agreements." (CBA Sec. 1.03). Section 1.03 further provides that "[i]f such work to be contracted out causes layoffs, or part-timing to prevent the rehiring of employees with seniority standing, such contracting out of work will be reviewed by [Ameritech] with [Local 21] and allotted on the basis of what [Ameritech] is equipped to perform and what the employees represented by [Local 21] are able and trained to perform. (CBA Sec. 1.03). Ameritech argues that the second arbitrator ignored Ameritech's right to continue to contract out work and summarily ordered Ameritech to commence the review and allotment process without addressing whether or not the work that was contracted out caused layoffs or prevented the rehiring of bargaining unit members.

Ameritech argues that it is seeking a vacation of the decision because the Arbitrator ignored specific language of Section 1.03 which Ameritech contends "reduced Section 1.03" to a meaningless absurdity" (DSJ A 2). Ameritech claims that the second arbitrator's decision "twists and perverts" Section 1.03. Ameritech, in pursuing such an argument, ignores the controlling precedent on this issue. As indicated above, and which is omitted from Ameritech's recitation of the law, when an action is brought in federal court seeking a review of an arbitrator's decision, the court must determine whether the decision "draws from the essence" of the collective bargaining agreement, and in making such a determination the court cannot engage in an examination of "whether the arbitrator or arbitrators erred in

interpreting the contract." *J.H. Findorff & Son, Inc.*, 393 F.3d at 745. Rather, the sole focus by the court must be on whether the arbitrator "interpreted the contract." *Id.* It is Ameritech that attempts to "twist[]" the law when it argues that because the arbitrator did not adopt its interpretation of Section 1.03, the arbitrator's decision was not based upon the provisions of the CBA. Such a position is wholly untenable and is unsupported by the controlling precedent. We must simply decide whether or not the second arbitrator "interpreted the contract." *J.H. Findorff & Son, Inc.*, 393 F.3d at 745. The second arbitrator clearly based his decision on the CBA, in particular Section 1.03. We are not convinced by Ameritech's argument that the second arbitrator was acting beyond the terms of the CBA simply because he rejected Ameritech's interpretation of Section 1.03. No reasonable trier of fact could find otherwise. Ameritech agreed to the arbitration and Ameritech was dissatisfied with the result. The law does not allow Ameritech to appeal the merits of the arbitrator's decision to this court.

Ameritech repeatedly cites *Anheuser-Busch, Inc. v. Local Union No. 744, Affiliated with the Intern. Brotherhood of Teamsters*, 280 F.3d 1133 (7th Cir. 2002) in support of its arguments. For example, Ameritech cites *Anheuser-Busch, Inc.* for the proposition that "an arbitrator cannot shield himself from judicial correction by merely making noises of contract interpretation." *Id.* at 1138. First of all it is clear in the instant action that the second arbitrator actually interpreted Section 1.03 and

did much more than make "noises of contract interpretation." *Id.* Secondly, in a more recent case the Seventh Circuit has declined to extend the holding of *Anheuser-Busch, Inc.* to the broad extent that it is employed by Ameritech. In *International Union of Operating Engineers, Local 139, AFL-CIO v. J.H. Findorff & Son, Inc.*, 393 F.3d 742 (7th Cir. 2004), the Seventh Circuit made clear the narrow scope of judicial review of an arbitrator's ruling. *Id.* at 745. The Court in *J.H. Findorff & Son, Inc.*, recognized the holding in *Anheuser-Busch, Inc.*, but emphasized that the court's focus is not a review of the merits of the arbitrator's contract interpretation and decision. *Id.* The Seventh Circuit made it clear that the court's focus is whether the arbitrator "interpreted the contract." *Id.* Therefore, we grant Local 21's motion for summary judgment on the complaint and deny Ameritech's motion for summary judgment on the complaint.

Local 21 has moved for summary judgment on the counterclaim. Based upon the above analysis and the undisputed facts in this action no reasonable trier of fact could conclude that Ameritech has been in compliance with the decision of the second arbitrator. It is clear that the second arbitrator acted within his authority and jurisdiction on June 23, 2004 and September 10, 2004. The decision of the second arbitrator was rendered in accordance with the provisions of the CBA to which Ameritech is a party and Ameritech can no longer avoid its obligations under the CBA. Therefore, we grant Local 21's motion for summary judgment on the counter-

claim.

## CONCLUSION

Based on the foregoing analysis, we deny Ameritech's motion for summary judgment. We grant Local 21's motion for summary judgment on the complaint and grant Local 21's motion for summary judgment on the counterclaim.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 5, 2005